■ MARION DE JESU, Respondent, v. JAMES DE JESU, Appellant. (Action No. 1.) JAMES DE JESU, Appellant, v. MARION DE JESU, Respondent. (Action No. 2.) — In a consolidated action for separation, the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, entered October 8, 1968 upon reargument, as (1) directed him to pay his wife (a) $75 per week for her support and maintenance pending the action and (b) a counsel fee of $750, with leave to the wife to apply to the trial court for an additional allowance of counsel fees and (2) awarded the wife exclusive possession of the marital domicile owned by the parties as tenants by the entirety, "with expenses therefor to be borne by" her. Order modified, on the law and the facts, (1) by striking therefrom decretal paragraph " 3 ", which directs the husband to pay the wife $75 per week for her support and maintenance pending the action, and substituting therefor a provision that the question of temporary alimony is referred to the trial court for determination which shall direct that payments, if awarded, shall be *nunc pro tunc,* commencing as of the return date of the original motion, July 30, 1968, and (2) by striking from decretal paragraph " 4 " the words " with the expenses therefor to be borne by her " and substituting therefor the words " and that the husband, James De Jesu, shall pay the following carrying charges thereon: mortgage interest and amortization, taxes and assessments, and fire and liability insurance ". As so modified, order affirmed insofar as appealed from, without costs. In our opinion the wife failed to prove that she is unable to support herself from her own funds during the pendency of the action (*Swinson v. Swinson,* 29 A D 2d 693; *Kaplan v. Kaplan,* 25 A D 2d 563; and cases cited therein). Her moving papers show that she has a total of about $6,000 in two banks and an appointment as a music teacher in the West Babylon School District at a salary of $7,480 per year beginning September, 1968. She failed to deny the husband's claim that she has an income from private music lessons and that she had been employed in the Rockville Centre School System from February, 1968, to June, 1968, at a salary of $6,800 per year. Application for temporary alimony should not be made or encouraged unless there is " genuine necessity" (*Light v. Light,* 29 A D 2d 540; *Katzman v. Katzman,* 28 A D 2d 1134). We are also of the opinion that the award to the wife of exclusive possession of the premises owned by the parties as tenants by the entirety was proper, particularly in view of the alleged physical assaults upon each other. However, we are of the opinion, in view of the husband's income of about $15,500 and the wife's questionable financial condition, that the husband should be required to pay the carrying charges of the premises (*McLaughlin v. McLaughlin,* 31 A D 2d 631; *Schapiro v. Schapiro,* 27 A D 2d 667). It may also be noted that the provision with respect to counsel fee was proper. The wife is entitled to a counsel fee to defend the counteraction for separation brought against her by the husband (Domestic Relations Law, § 237; *Vizvary v. Vizvary,* 14 A D 2d 807; *Brownstein v. Brownstein,* 25 A D 2d 205, 211). Beldock, P. J., Christ, Rabin, Benjamin and Kleinfeld, JJ., concur.